LAIRD v. LORENZE.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1911.)

No. 3,471.

BILLS AND NOTES (§ 487*)—PLEADING—AMENDMENTS—DIFFERENT CAUSE OF ACTION.

Where plaintiff sued on a note containing a promise to pay for value received, and alleged the facts relative to a transaction between plaintiff and defendant as a consideration for the note, an amended petition, thereafter filed, based on the same note, and making the same allegations as to execution and delivery, the amount due and unpaid, and asking judgment as before, but omitting the facts relative to the transaction stated as a consideration for the note, was not subject to a motion to strike, as alleging a different cause of action from that set forth in the original petition.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1575–1583; Dec. Dig. § 487;* Pleading, Cent. Dig. § 703.]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action by John A. Laird, as trustee, etc., against A. Lorenze. Judgment for defendant, and plaintiff brings error. Reversed.

Lee A. Hall, for plaintiff in error.

Henry H. Oberschelp (F. C. Sharp, on the brief), for defendant in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before HOOK, Circuit Judge, and RINER and WM. H. MUNGER, District Judges.

WM. H. MUNGER, District Judge. Plaintiff brought his action against defendant, alleging the execution and delivery by defendant to him of a certain promissory note, a copy of which was attached to the petition, and reads as follows:

"$3,000.                          St. Louis, Mo., February 11, 1907.

"On May 25, 1907, after date I promise to pay to the order of John A. Laird, Trustee, three thousand dollars at Wisconsin State Bank at Ste. Point, Wisconsin, value received, with interest at the rate of 6 per cent. per annum after date.                          A. Lorenze."

He further alleged that said note was due, that no part thereof had been paid, that there was due thereon the sum of $3,000, with interest, for which amount he prayed judgment. He also alleged in his petition facts relative to a transaction between plaintiff and defendant as the consideration for the note. Defendant demurred to the petition. Plaintiff thereafter, having first obtained leave of court, filed an amended petition based upon the same promissory note, making the same allegations as to execution and delivery, that it was due, that no part had been paid, and asked judgment as before for the amount due thereon. In the amended petition, however, he omitted a portion of the facts relative to the transaction stated as a consideration for the giving of the note. Defendant filed a motion to strike the amended petition from the files, for the reason that the amended petition stated another and different cause of action from that alleged in the original petition, which motion was by the court sustained. Plaintiff declining to plead farther, judgment was rendered in favor of the defendant, that he go hence without day and recover of plaintiff his costs.

The writ of error challenges the correctness of the judgment of the court in this respect. The ruling of the court, striking the amended petition from the files for the reason that it stated a cause of action different from the one in the original petition, was clearly erroneous. The consideration for which the note was given was not the cause of action. The action was based upon the definite promise to pay as expressed in the note; hence, the amended petition was based upon the same identical cause of action stated in the original petition.

The note itself recited that it was given for value received, and it was wholly unnecessary for plaintiff in his petition to state the facts constituting the consideration. Want of consideration, failure or illegality of consideration, are matters of defense.

For the foregoing reasons, the judgment is reversed, and a new trial granted.